## STATE SUPREME COURT—Continued

### No. 543

No. 18866—The Board of County Commissioners of Franklin County, Ohio, v. The Commercial National Bank of Columbus, Ohio, et al. Error to the Court of Appeals of Franklin county.

1157. TAXATION—Value of bank shares to be taken as assessed, on tax duplicate; not as on bank books.

JONES, J.

In fixing the value of bank shares under the provisions of Section 5412, General Code, the county auditor should disregard the value of real estate appearing on the books of the bank and fix the value thereof as assessed on the tax duplicate. The purpose of said section is the ascertainment of the value of the shares without regard to the book value of the real estate, having due regard only to appraised value of the real estate as it appears upon the auditor's duplicate.

Judgment affirmed.

Marshall, CJ., Matthias, Day, Kinkade and Robinson, JJ., concur. Allen, J., dissents.

### No. 544

No. 18784—The Ohio Public Service Company v. The State ex rel. Joseph O. Fritz, Prosecuting Attorney.

801. MUNICIPAL LAW — Municipalities may voluntarily terminate its obligation under contract with Lighting Co., indeterminate as to duration of franchise, and existing only during mutual agreement.

ALLEN, J.

Where the contract between a municipal corporation and an electric lighting company is silent as to the duration of the franchise such franchise is not perpetual, but the duration thereof is simply indeterminate existing only so long as the parties mutually agree thereto. A municipal corporation may therefore voluntarily terminate its obligation under the contract and wholly withdrawn therefrom.

Judgment affirmed.

Marshall, CJ., Matthias, Day, Kinkade and Robinson, JJ., concur.

### No. 545

No. 18568—Royal Insurance Co. Ltd. v. William S. Jack. Error to the Court of Appeals of Cuyahoga County.

647. INSURANCE — Automobile—Paying for a car with a forged check, not "theft" within terms of policy.

JONES, J.

1. A policy of insurance was issued, indemnifying the owner of an automobile against loss by "theft, robbery and pilferage." In construing the term "theft," it should be given the usual meaning and understanding employed by persons in the ordinary walks of life.

2. Where an owner of an automobile executes a contract of sale for the car, helps the vendee change the license numbers, and in pursuance of his contract of sale, transfers possession and title to vendee, who pays therefor with a forged check, such fraudulent transaction so perpetrated by the vendee does not constitute a "theft" within the terms of the policy.

Judgment reversed.

Matthias, Kinkade and Robinson, JJ., concur. Marshall, CJ., Day and Allen, JJ., dissent.

### No. 546

No. 18445—The City of Elyria v. Grace L. Meacham et al. Error to the Court of Appeals of Cuyahoga county.

991. RAILROADS—1. Railroad in control of Federal Government; company not responsible for injury from negligence in operation.

2. Piers in street to support overhead bridge, not a nuisance—When question is for jury to decide.

KINKADE, J.

1. A railroad company, while its property is in the exclusive possession, control and management of the Federal Government, is not responsible for an injury suffered by a third person arising out of negligence in the maintenance, management or operation of the railroad property, even though the defect in the road bed or rolling stock, which produces the injury, existed when the property was taken over by the Government.

2. Section 8874, General Code, authorizes a city to place piers in the street to support an overhead railroad bridge when effecting a separation of the grade of the street and the grade of the steam railroad tracks which cross the street. Piers so placed in the street by order of the city council do not constitute a nuisance.

3. Where the safety and convenience of public travel upon any street necessitates such separation of grades, the railroad company and the city acting in good faith and upon the advice of competent civil engineers, may determine the character of the bridge or structure to carry the elevated railroad tracks. And when the structure, completed according to the plans and specifications agreed upon and adopted by the city and the railroad company, leaves ample clear space for all public travel upon the street, it is error for a trial court in an action brought by one who has suffered an injury on the street thus spanned by an overhead bridge, to charge the jury that the question whether the piers in the street constitute a nuisance is one for the jury to decide.

Judgment reversed.

Jones, Matthias and Robinson, JJ., concur. Day, J., concurs in proposition one of the syllabus. Allen, J., not participating.